**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL SENTRY SECURITY SYSTEMS, INC., *et al.*, | |
| Plaintiffs, | Civil Action No.: 21-01072 (CJN) |
| v. | |
| SIEMENS CORP., *et al.*, | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION.................................................................................................. 1

FACTUAL BACKGROUND ................................................................................ 2

I.      AFCIS AND NUISANCE TRIPPING ................................................. 2

II.     PLAINTIFFS ........................................................................................ 3

III.    DEFENDANTS ..................................................................................... 4

LEGAL STANDARD ......................................................................................... 5

ARGUMENT ...................................................................................................... 6

I.      SIEMENS CORP. IS NOT A PROPERLY NAMED DEFENDANT. ...... 6

II.     PLAINTIFFS DO NOT PLEAD VIABLE STATE LAW IMPLIED
        WARRANTY CLAIMS. ....................................................................... 7

      A.     Plaintiffs Do Not Allege That Their Products Were Unmerchantable. .......... 7

      B.     California and Ohio Privity Requirements Bar the Implied Warranty
             Claims of Plaintiffs Electricalifornia and NSSS. .................................... 8

III.    THERE ARE NO VIABLE MMWA CLAIMS. ................................... 9

IV.    PLAINTIFFS DO NOT STATE A CLAIM FOR NEGLIGENT OMISSION. ......... 9

      A.     Plaintiffs Cannot State a Claim for Negligent Omission Under
             Nebraska, Ohio, or California Law. ...................................................... 9

      B.     The Economic Loss Doctrine Bars Plaintiffs' Negligence Claims. ............... 10

      C.     Plaintiffs Do Not Allege that Siemens Had a Duty to Disclose. .................... 11

      D.     Plaintiffs Do Not Allege That They Relied Upon Siemens' Alleged
             Omissions. .......................................................................................... 11

V.     PLAINTIFFS DO NOT STATE A CLAIM FOR FRAUDULENT
        CONCEALMENT. ................................................................................ 12

      A.     Plaintiffs Do Not Meet the Particularity Requirements of Rule 9(b). ........... 12

      B.     Plaintiffs Do Not Allege Siemens Knew of a Defect at the Time of Sale. ...... 14

      C.     Plaintiffs Do Not Allege That Siemens Had a Duty to Disclose. ................... 15

      D.     The Economic Loss Doctrine in California Precludes
             Electricalifornia's Fraudulent Concealment Claim. ................................ 16

VI.    PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF STATE
        CONSUMER PROTECTION STATUTES. ......................................... 17

      A.     Plaintiffs Do Not Adequately Plead Consumer Protection Claims. .............. 17

**B.** **Certain Consumer Protection Act Claims Fail on State-Specific Grounds.** ................................................................. 18

    **1.** *NSSS and Electricalifornia Lack Standing to Bring a Claim Under the D.C. Consumer Protection Procedures Act.* .............................. 18

    **2.** *Keyser Does Not Allege a Wrong That Affects the Public Interest As Required For His Nebraska Consumer Protection Act Claim.* ........... 19

    **3.** *Electricalifornia's Relief Under California's Unfair Competition Law is Barred by Adequate Legal Remedies.* ........................... 20

    **4.** *Electricalifornia Lacks Standing to Bring a Claim Under California's Consumer Legal Remedies Act.* ........................... 20

**VII.** **PLAINTIFFS DO NOT PLEAD VIABLE UNJUST ENRICHMENT CLAIMS.** ................................................................. 20

**VIII.** **THE COURT SHOULD STRIKE PLAINTIFFS' NATIONWIDE CLASS ALLEGATIONS.** .................................................. 21

**A.** **Plaintiffs Lack Standing For a Nationwide Class Because There are No Named Plaintiffs From Forty-Seven States or the District of Columbia.** ............................................................... 21

**B.** **Plaintiffs' Nationwide MMWA, Warranty, Negligence, Fraud, and Unjust Enrichment Claims Would Be Governed by the Disparate Laws of Fifty States and the District of Columbia.** ................... 22

**CONCLUSION** ......................................................................... 25

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*,
   149 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................5, 6

*Aguilar v. RP MRP Wash. Harbour, LLC*,
   98 A.3d 979 (D.C. 2014) ...........................................................................................10

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. 2019) .....................................................................15

*Andersons, Inc. v. Consol, Inc.*,
   348 F.3d 496 (6th Cir. 2003) .....................................................................................9

*Andrade v. Pangborn Corp.*,
   No. C 02-3771, 2004 WL 2480708 (N.D. Cal. Oct. 22, 2004).................................7

*Andren v. Alere, Inc.*,
   207 F. Supp. 3d 1133 (S.D. Cal. 2016).....................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................5

*Baum v. Great W. Cities, Inc., of N.M.*,
   703 F.2d 1197 (10th Cir. 1983) ...............................................................................22

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................5

*Bellinger v. Hewlett Packard Co.*,
   No. 20744, 2002 WL 533403 (Ohio Ct. App. Apr. 10, 2002)..........................15, 16

*Berenblat v. Apple, Inc.*,
   Nos. 08-4969, 09-1649, 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010)...................14

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) .....................................................................................8

*Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*,
   No. SACV 19-00709, 2019 WL 6329645 (C.D. Cal. Sept. 24, 2019)....................10

*Cadena v. Am. Honda Motor Co.*,
   No. CV 18-4007, 2019 WL 3059931 (C.D. Cal. May 29, 2019) .............................9

*Cannon v. Wells Fargo Bank N.A.*,
  926 F. Supp. 2d 152 (D. D.C. 2013) .................................................................18, 19

*Cansino v. Bank of Am.*,
  224 Cal. App. 4th 1462 (Cal. Ct. App. 2014) ........................................................12

*Carbone v. Nueva Constr. Grp., L.L.C.*,
  83 N.E.3d 375 (Ohio Ct. App. 2017) .....................................................................21

*Carpenter v. PetSmart, Inc.*,
  441 F. Supp. 3d 1028 (S.D. Cal. 2020) ..................................................................22

*Chafin v. Wis. Province of Soc'y of Jesus*,
  917 N.W.2d 821 (Neb. 2018) .................................................................................12

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .............................................................................8, 9

*Cole v. Gen. Motors Corp.*,
  484 F.3d 717 (5th Cir. 2007) ..................................................................................23

*Cooper v. Simpson Strong-Tie Co.*,
  460 F. Supp. 3d 894 (N.D. Cal. 2020) ...................................................................20

*Curl v. Volkswagen of Am., Inc.*,
  871 N.E.2d 1141 (Ohio 2007) ............................................................................8, 16

*Del., Dept. of Health and Soc. Servs., Div. of Medicaid & Medical Asst. v. U.S.
  Dep't of Health and Human Servs.*,
  272 F. Supp. 3d 103 (D.D.C. 2017) .......................................................................21

*Delgado v. Inryco, Inc.*,
  433 N.W.2d 179 (Neb. 1988) ...................................................................................7

*Dobrovolny v. Ford Motor Co.*,
  793 N.W.2d 445 (Neb. 2011) .................................................................................10

*Dorsky Hodgson & Partners, Inc. v. Nat'l Council of Senior Citizens*,
  766 A.2d 54 (D.C. 2001) .......................................................................................6, 7

*Eicher v. Mid Am. Fin. Inv. Corp.*,
  748 N.W. 2d. 1 (Neb. 2008) ...................................................................................17

*Elias v. Hewlett-Packard Co.*,
  903 F. Supp. 2d 843 (N.D. Cal. 2012) .....................................................................8

*Felger v. I-Deal Auto Sales, Inc.*,
  No. 15-97-6, 1997 WL 691450 (Ohio Ct. App. Oct. 31, 1997)....................................7

*Floyd v. Am. Honda Motor Co.*,
  966 F.3d 1027 (9th Cir. 2020) ....................................................................................9

*Grayson v. AT&T Corp.*,
  15 A.3d 219 (D.C. 2011) ............................................................................................18

*Houston v. Mylan, Inc.*,
  No. 8:09CV306, 2009 WL 8563604 (D. Neb. Nov. 20, 2009)..................................10

*Hoyte v. Yum! Brands, Inc.*,
  489 F. Supp. 2d 24 (D.D.C. 2007)................................................................................7

*IMark Mktg. Serv., LLC v. Geoplast, S.p.A.*,
  753 F. Supp. 2d 141 (D.D.C. 2010)..............................................................................7

*In re Bridgestone/Firestone, Inc.*,
  288 F.3d 1012 (7th Cir. 2002) ...................................................................................24

*\*In re ConAgra Foods Inc.*,
  908 F. Supp. 2d 1090 (C.D. Cal. 2012) (Nebraska Consumer Protection Act)..................5, 18

*In re Easysaver Rewards Litig.*,
  737 F. Supp. 2d 1159 (S.D. Cal. 2010).......................................................................17

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
  483 F. Supp. 3d 838 (C.D. Cal. 2020) ........................................................................13

*In re G-Fees Antitrust Litig.*,
  584 F. Supp. 2d 26 (D.D.C. 2008)..............................................................................21

*In re McCormick & Co. Pepper Prods. Marketing and Sales Practices Litig.*,
  422 F. Supp. 3d 194 (D.D.C. 2019)............................................................................24

*In re Rhone-Poulenc Rorer, Inc.*,
  51 F.3d 1293 (7th Cir. 1995) .....................................................................................24

*In re Saturn L-Series Timing Chain Prods. Liab. Litig.*,
  MDL No. 1920, 2008 WL 4866604 (D. Neb. Nov. 7, 2008) ....................................19

*Intelect Corp. v. Cellco P'ship GP*,
  160 F. Supp. 3d 157 (D.D.C. 2016)............................................................................11

*\*Jefferson v. Collins*,
  905 F. Supp. 2d 269 (D.D.C. 2012).............................................................5, 11, 12, 18

*John v. Nat'l Sec. Fire & Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007) ...........................................................................................22

*Johnson v. Microsoft Corp.*,
  834 N.E.2d 791 (Ohio 2005) ...........................................................................................21

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...........................................................................22

*\*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...............................................................................5, 15, 18

*Keshish v. Allstate Ins. Co.*,
  No. CV 12-03818, 2012 WL 12887075 (C.D. Cal. Oct. 19, 2012) ..................................10

*Ladore v. Sony Comput. Ent. Am., LLC*,
  75 F. Supp. 3d 1065 (N.D. Cal. 2014) .............................................................................10

*Levi v. Brown & Williamson Tobacco Corp.*,
  851 F. Supp. 2d 8 (D.D.C. 2012) .......................................................................................5

*Levine v. Blue Shield of California*,
  189 Cal. App. 4th 1117 (Cal. Ct. App. 2010) ..................................................................11

*Lord Abbett Mun. Income Fund, Inc. v. Asami*,
  No. C–12–03694, 2014 WL 3417941 (N.D. Cal. July 11, 2014) .....................................10

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) ..............................................................................18

*Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*,
  62 F. Supp. 2d 13 (D.D.C. 1999) ........................................................................................6

*McCarter v. Bank of New York*,
  873 F. Supp. 2d 246 (D.D.C. 2012) ..................................................................................15

*McVicar v. Goodman Global, Inc.*,
  1 F. Supp. 3d 1044 (C.D. Cal. 2014) ................................................................................12

*Miles v. Am. Honda Motor Co.*,
  No. 17 C 4423, 2017 WL 4742193 (N.D. Ill. Oct. 19, 2017)...........................................23

*Miller v. Kent Nutrition Grp., Inc.*,
  No. 1:15 CV 2116, 2016 WL 11246420 (N.D. Ohio Sept. 16, 2016) ...............................21

*Mooradian v. FCA US, LLC*,
  No. 1:17-cv-1132, 2017 WL 4869060 (N.D. Ohio Oct. 27, 2017)......................................8

*Mooradian v. Wright Med. Tech., Inc.*,
    No. 14cv02445, 2015 WL 12513465 (S.D. Cal. Feb. 25, 2015) ............................................12

*\*Mouzon v. Radiancy, Inc.*,
    85 F. Supp. 3d 361 (D.D.C. 2015) ...............................................................................12, 13

*MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*,
    755 F. Supp. 2d 1205 (M.D. Fla. 2010) ................................................................................22

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) ...............................................................................20

*Nelson v. Lusterstone Surfacing Co.*,
    605 N.W. 2d 136 (Neb. 2000).................................................................................................17

*Nielsen v. Nielsen*,
    No. A-04-894, 2005 WL 1719731 (Neb. Ct. App. July 26, 2005) .........................................15

*Nielsen v. Thermo Mfg. Sys., LLC*,
    No. 8:17CV471, 2018 WL 1383182 (D. Neb. Mar. 19, 2018)...............................................16

*Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*,
    476 F. Supp. 2d 809 (S.D. Ohio 2007) .................................................................................10

*Oom v. Michaels Cos.*,
    No. 1:16-cv-257, 2017 WL 3048540 (W.D. Mich. July 19, 2017) ........................................23

*Ordosgoitti v. Werner Enters. Inc.*,
    No. 8:20-CV-421, 2021 WL 826504 (D. Neb. Mar. 4, 2021) ................................................20

*Oscar v. BMW of N. Am., LLC*,
    274 F.R.D. 498 (S.D.N.Y. 2011) ........................................................................................23

*Outlook Windows P'ship v. York Int'l Corp.*,
    112 F. Supp. 2d 877 (D. Neb. 2000)........................................................................................9

*Owen v. Gen. Motors Corp.*,
    533 F.3d 913 (8th Cir. 2008) ...............................................................................................14

*Pacifica Loan Five, LLC v. Fifth Third Bank*,
    No. 1:09-cv-930, 2011 WL 13228111 (S.D. Ohio Apr. 14, 2011).........................................10

*Park-Kim v. Daikin Indus., Ltd*,
    No. 2:15-CV-09523, 2016 WL 6744764 (C.D. Cal. Nov. 14, 2016) .....................................10

*Perkins v. Land Rover of Akron*,
    No. 03 MA 33, 2003 WL 22939452 (Ohio Ct. App. Dec. 5, 2003) .......................................16

*Pernice v. Bovim*,
No. 15-541, 2015 WL 5063378 (D.D.C. Aug. 26, 2015) ........................................................20

*Philips v. Ford Motor Co.*,
No. 14-CV-02989, 2015 WL 4111448 (N.D. Cal. July 7, 2015)............................................20

*Pilgrim v. Gen. Motors Co.*,
408 F. Supp. 3d 1160 (C.D. Cal. 2019) .................................................................................9

*Pilgrim v. Universal Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011) ...............................................................................................22

*Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.*,
29 Cal. App. 5th 230 (Cal. App. Ct. 2018) ...........................................................................21

*Rasnic v. FCA US LLC*,
No. 17-2064, 2017 WL 6406880 (D. Kan. Dec. 15, 2017) ...................................................23

*Republic Bank & Tr. Co. v. Bear Sterns & Co.*,
683 F.3d 239 (6th Cir. 2012) ...............................................................................................12

*RFC Capital Corp. v. EarthLink, Inc.*,
No. 03AP-735, 2004 WL 2980402 (Ohio Ct. App. Dec. 23, 2004) .......................................21

*Rheinfrank v. Abbott Labs., Inc.*,
119 F. Supp. 3d 749 (S.D. Ohio 2015) .................................................................................11

*Richard v. Bell Atl. Corp.*,
946 F. Supp. 54 (D.D.C. 1996) ...............................................................................................7

*Robinson Helicopter Co. v. Dana Corp.*,
34 Cal. 4th 979 (2004) .........................................................................................................16

*Rosipko v. FCA US, LLC*,
No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 17, 2015) ............................................23

*Salvador v. Allstate Prop. & Cas. Ins. Co.*,
No. 19-2754, 2020 WL 7042843 (D.D.C. Nov. 30, 2020) ......................................................5

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................................................................23, 24

*Sciacca v. Apple, Inc.*,
362 F. Supp. 3d 787 (N.D. Cal. 2019) ..................................................................................13

*Shaw v. Marriott Int'l, Inc.*,
605 F.3d 1039 (D.C. Cir. 2010)........................................................................................18, 19

*Sherman v. Sunsong Am., Inc.*,
   485 F. Supp. 2d 1070 (D. Neb. 2007) ............................................................................7

*Simon v. Hofgard*,
   172 F. Supp. 3d 308 (D.D.C. 2016) ..............................................................................17

*Siriano v. Goodman Mfg. Co.*,
   No. 2:14-cv-1131, 2015 WL 12748033 (S.D. Ohio Aug. 18, 2015) ..................................9, 22

*Sloan v. Gen. Motors LLC*,
   No. 16-CV-07244, 2019 WL 6612221 (N.D. Cal. Dec. 5, 2019) ...........................................9

*Smith v. Gen. Motors LLC*,
   988 F.3d 873 (6th Cir. 2021) ....................................................................................13, 14

*Sosenko v. LG Electronics U.S.A., Inc.*,
   No. 8:19-cv-00610, 2019 WL 6118355 (C.D. Cal. Aug. 29, 2019) .....................................14

*Sundberg v. TTR Realty, LLC*,
   109 A.3d 1123 (D.C. 2015) .......................................................................................15

*Sw. Trinity Constructors, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   497 N.W.2d 366 (Neb. 1993) ......................................................................................20

*Szep v. Gen. Motors LLC*,
   491 F. Supp. 3d 280 (N.D. Ohio 2020) ................................................................8, 13, 14, 22

*Taragan v. Nissan N. Am., Inc.*,
   No. C 09-3660, 2013 WL 3157918 (N.D. Cal. June 20, 2013) ............................................16

*Thompson v. Jiffy Lube Int'l, Inc.*,
   250 F.R.D. 607 (D. Kan. 2008) ....................................................................................24

*Traba v. Ford Motor Co.*,
   No. 2:18-cv-00808, 2018 WL 6038302 (C.D. Cal. June 27, 2018) ......................................16

*Traxler v. PPG Indus., Inc.*,
   158 F. Supp. 3d 607 (N.D. Ohio 2016) ...........................................................................8, 9

*Triple 7, Inc. v. Intervet, Inc.*,
   338 F. Supp. 2d 1082 (D. Neb. 2004) .............................................................................19

*Trustcorp Mortg. Co. v. Zajac*,
   No. C-060119, 2006 WL 3690299 (Ohio Ct. App. Dec. 15, 2006) ......................................10

*United States ex rel. Conteh v. IKON Office Solutions, Inc.*,
   27 F. Supp. 3d 80 (D.D.C. 2014) ..................................................................................12

*United States ex rel. Williams v. Martin-Baker Aircraft Co.*,
    389 F.3d 1251 (D.C. Cir. 2004) ..................................................................................13

*Vandenbrink v. State Farm Mut. Auto. Ins. Co.*,
    No. 12-cv-897, 2012 WL 3156596 (M.D. Fla. Aug. 3, 2012) ...............................22

*\*Walsh v. Ford Motor Co.*,
    130 F.R.D. 260 (D.D.C. 1990) ............................................................................9, 23

*Westlye v. Look Sports, Inc.*,
    17 Cal. App. 4th 1715 (Cal. Ct. App. 1993) ..........................................................11

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ...............................................................................14

*Wines Vines & Corks, LLC v. First Nat'l of Neb., Inc.*,
    No. 8:14CV82, 2014 WL 12665802 (D. Neb. Aug. 20, 2014) .............................19

*Witherspoon v. Philip Morris Inc.*,
    964 F. Supp. 455 (D.D.C. 1997) ...........................................................................14

*Zapata Fonseca v. Goya Foods Inc.*,
    No. 16-CV-02559, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) .........................20

*Zetz v. Boston Sci. Corp.*,
    398 F. Supp. 3d 700 (E.D. Cal. 2019) ...................................................................14

**Statutes and Codes**

Cal. Bus. & Prof. Code § 17200 (West 2021) ...............................................................18

Cal. Civ. Code § 1761(d) (West 2021) ..........................................................................20

Cal. Civ. Code § 1770 (West 2021) ...............................................................................17

Cal. Civ. Code § 1782 (West 2021) ...............................................................................17

California's Consumer Legal Remedies Act ............................................................ *passim*

California's Unfair Competition Law ..................................................................17, 18, 20

District of Columbia Consumer Protection Procedures Act ...................................... *passim*

Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(3)(C) ...........................................9

Nebraska Consumer Protection Act..............................................................17, 18, 19

**Rules**

Fed. R. Civ. P. 9(b) ...........................................................................................5, 12, 13

Fed. R. Civ. P. 12(b)(6)..............................................................................................4

Fed. R. Civ. P. 23 .................................................................................................1, 5, 23

## INTRODUCTION

Arc Fault Circuit Interrupters (AFCIs) are critical safety devices that detect and stop potentially hazardous arc faults, thereby preventing electrical fires. For years, the National Electrical Code (NEC) has required the use of these safety devices on certain home electrical circuits. They are ubiquitous; they work; and they have saved countless lives.

In this putative class action, plaintiffs do not claim Siemens' AFCIs fail to stop dangerous electrical arcs or prevent fires. To the contrary, they essentially complain that Siemens' AFCIs are an inconvenient hassle because they supposedly encounter "nuisance tripping," *i.e.*, they trip too often. Contending (without any particular explanation) that Siemens' AFCIs cannot "distinguish between harmless and dangerous electrical arcs," plaintiffs speculate that some unquantified level of nuisance tripping occurs due to some unidentified, common design defect, even though they never precisely identify the alleged defect or why plaintiffs believe it affects all Siemens' AFCI models sold throughout the country over the course of many years.

All of plaintiffs' claims fail as a matter of law. As a threshold matter, Siemens Corp. is not a proper defendant as to any claim. It has never designed, made, sold, or marketed a single AFCI product and should be removed from the case.

More broadly however, none of plaintiffs' claims meet applicable pleading standards or substantive state law and federal requirements, and the complaint does not allege underlying facts sufficient to support the necessary elements of each claim. Nor could it, as there is no dispute that Siemens' AFCIs effectively prevent life-threatening and property-destroying house fires—the very thing they are designed to do.

Additionally, if any claims are able to proceed as a matter of law, plaintiffs' nationwide class allegations should nevertheless be stricken because plaintiffs lack standing to assert such

claims, and the variation in the laws of the fifty states and the District of Columbia make certification under Rule 23 an impossibility in this case.

## FACTUAL BACKGROUND

### I. AFCIs and Nuisance Tripping

AFCIs are first-class systems for detecting dangerous arcing conditions, providing a higher level of protection than standard circuit breakers by detecting and stopping hazardous electrical conditions before they escalate into electrical fires. Compl. ¶¶ 26, 31. AFCIs interrupt an electrical current when they detect what appears to be an "arc fault"—an unintended arc in the system. *Id*. ¶¶ 2, 31-32. Electrical arcing creates high intensity heating, which can ignite surrounding materials and cause house fires. *Id*. ¶ 34 ("[A]pproximately half of the 48,000 annual residential fires in the U.S. are attributed to arc faults."). There is no dispute here that AFCIs "trip" when they detect a potentially dangerous arc fault, thereby de-energizing the circuit and mitigating the danger. *Id*. ¶¶ 2, 35, 51.

In addition to tripping caused by potentially dangerous arc faults, an AFCI can potentially trip because various consumer products in a home can generate waveforms that appear to be dangerous electrical arcs. *Id*. ¶ 41. Vacuums and treadmills, for example, are widely known to create an overcurrent or admit high frequency energy that appear to be a dangerous arc. *Id*. ¶ 40. Installation errors, improper wiring, and faulty wiring system installation can also cause AFCI tripping. *Id*. ¶ 45, n. 5. Determining the cause of any particular tripping event requires a highly fact-specific and individualistic assessment of each event. Accordingly, Siemens—like other manufacturers—offers a diagnostic troubleshooting guide and other tools to assist consumers and electricians. *Id*. ¶¶ 61, 72-73.

Given their effectiveness and success in preventing electrical fires, NEC has recommended AFCI protection in homes since 1999. *Id*. ¶ 36. Since 2017, the NEC has required AFCIs in all

new home construction. *Id*. ¶ 38. All AFCIs—including Siemens'—are evaluated by a nationally recognized testing laboratory and compared against national AFCI standards developed by Underwriters Laboratories, Inc. (UL), an independent product safety certification organization. The applicable UL standard, UL 1699, recognizes that some amount of nuisance tripping will occur to protect against electrical fires, and includes "Unwanted Tripping Tests" to ensure that an AFCI operates effectively and does not needlessly trip.

## II.   Plaintiffs

The complaint contains very few facts about the three named plaintiffs, National Sentry Security Systems, Inc. (NSSS), Electricalifornia, and Mr. Keyser. *Id*. ¶¶ 16-18.

Plaintiff NSSS is a security and electrical company in Ohio that provides electrical services. *Id*. ¶¶ 9, 16. NSSS alleges that, as part of its business, it purchased unidentified models of Siemens' AFCIs from unidentified sources at unidentified times and then installed these AFCIs at unidentified locations. *Id.* NSSS also claims that, at unspecified times, certain AFCIs tripped and NSSS was unable to identify the cause in its investigation. *Id.* The complaint contains no information regarding the number of AFCIs that tripped or the precise steps that NSSS took to investigate and allegedly rule out "traditional" causes of the purported tripping to conclude that the AFCIs did not trip due to the presence of potentially dangerous arcs. *Id*. ¶¶ 78-79.

Plaintiff Electricalifornia is an electrical company in California that provides electrical services. *Id*. ¶ 17. Electricalifornia alleges that, as part of its business, it purchased unidentified models of Siemens' AFCIs from unidentified sources at unidentified times, and then installed these AFCIs at unidentified locations. *Id*. ¶¶ 10, 17, 84. Like NSSS, Electricalifornia claims that, at unspecified times, certain AFCIs tripped and Electricalifornia was unable to identify the cause in its investigation. *Id.* The complaint contains no information regarding the number of AFCIs that

tripped, or the precise steps that Electricalifornia took to investigate purported tripping to conclude that the AFCIs did not trip due to the presence of potentially dangerous arcs. *Id*. ¶ 87.

Plaintiff Keyser is a Nebraska homeowner and electrician. *Id*. ¶¶ 11, 92. Mr. Keyser alleges that, as part of building his new home, he personally purchased and installed unidentified models of Siemens AFCIs sometime between 2019 and 2020. *Id*. ¶ 92. Mr. Keyser claims that he purchased Siemens' AFCIs from a Menards store, a third party. *Id*. ¶ 94. He also alleges that his Siemens AFCIs would "trip" at unspecified times, and he was unable to identify a reason in his investigation. *Id*. ¶ 95. Mr. Keyser offers no details regarding the alleged tripping, his purported investigation, or how he was able to conclude that the AFCIs did not trip due to the presence of potentially dangerous arcs.

None of the plaintiffs identify any pre-litigation contacts with Siemens to seek assistance with their AFCI breakers.

## III.   Defendants

Siemens Corp. is the corporate parent of Siemens Industry, Inc. *Id*. ¶ 19. Siemens Corp. is a holding company that does not design, manufacture, sell, market, import or distribute AFCIs.[1] Siemens Industry, Inc., a subsidiary of Siemens Corp., manufactures AFCIs.[2] It is a Delaware corporation headquartered in Georgia.[3]

---

[1]   *See* Declaration of Frank Molinaro ("Molinaro Decl."), ¶ 6 (**Exhibit A**).

[2]   *Id.* ¶¶ 8-9.

[3]   *Id.* ¶ 7.

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must provide grounds for relief which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Although well-pleaded factual allegations are assumed to be true, a court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Claims sounding in fraud, including fraudulent concealment and statutory consumer protection claims, must also meet Rule 9(b)'s heightened pleading standard. *See Levi v. Brown & Williamson Tobacco Corp.*, 851 F. Supp. 2d 8, 12 (D.D.C. 2012) (fraudulent concealment); *Jefferson v. Collins*, 905 F. Supp. 2d 269, 288 (D.D.C. 2012) (D.C. Consumer Protection Procedures Act); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1099 (C.D. Cal. 2012) (Nebraska Consumer Protection Act); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (California Unfair Competition Law and Consumer Legal Remedies Act). Plaintiffs must plead those claims with particularity and identify the who, what, when, where, and how of the alleged fraudulent conduct. Fed. R. Civ. P. 9(b).

A defendant may move to strike class allegations at any time, including at the pleadings stage. *Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*, 149 F. Supp. 3d 1, 10 (D.D.C. 2015). Courts dispense with class allegations on a motion to dismiss where it is clear from the pleadings that the putative class or classes will not satisfy the four requirements of Rule 23. *See, e.g., Salvador v. Allstate Prop. & Cas. Ins. Co.*, No. 19-2754, 2020 WL 7042843, at *4 (D.D.C. Nov. 30, 2020) (striking class allegations at the motion to dismiss stage because individual issues would

predominate); *Abdul-Baaqiy*, 149 F. Supp. 3d at 11 (striking class allegations at the motion to dismiss stage because named plaintiff's claims are atypical of the alleged class).

**ARGUMENT**

## I.    Siemens Corp. Is Not A Properly Named Defendant.

Siemens Corp. is only named in this case as the corporate parent of Siemens Industry, Inc. As plaintiffs have been informed, Siemens Corp. does not manufacture, sell, design, or distribute AFCIs.[4] It never has.[5]

Generally speaking, "a parent corporation . . . is not liable for the acts of its subsidiaries." *Dorsky Hodgson & Partners, Inc. v. Nat'l Council of Senior Citizens*, 766 A.2d 54, 56 (D.C. 2001) (internal quotation marks and citation omitted). And when a party cannot be held liable for the actions that allegedly harmed the plaintiff, that party is not a properly named defendant and dismissal is appropriate. *Id.* at 56-57 (analyzing whether a defendant should be held responsible for the actions of the third party that plaintiff contracted with under an agency theory of liability).

To hold a parent corporation liable for acts of a subsidiary, a plaintiff must allege and prove that the parent corporation had such active and substantial control over its subsidiary so as to "negate [the subsidiary's] separate personality." *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 62 F. Supp. 2d 13, 20 (D.D.C. 1999) (citing *Hart v. Dep't of Agric.*, 112 F.2d 1228, 1231 (D.C. Cir. 1997)). The parent corporation must also have had some involvement in the conduct by the subsidiary that allegedly harmed the plaintiff—either in the form of direct involvement or

---

[4]    Ex. A, Molinaro Decl., ¶ 6.

[5]    *Id*.

    (Continued...)

control over decision making. *Id.* at 21; *see also Richard v. Bell Atl. Corp.*, 946 F. Supp. 54, 62 (D.D.C. 1996); *IMark Mktg. Serv., LLC v. Geoplast, S.p.A.*, 753 F. Supp. 2d 141, 150 (D.D.C. 2010).

Here, Siemens Corp. is an entirely distinct corporate entity from Siemens Industry, Inc.[6] Siemens Corp. does not direct or control Siemens Industry, Inc's decisions regarding AFCIs or have anything to do with those products.[7] Indeed, plaintiffs do not allege any connection between Siemens Corp. and Siemens Industry, Inc. related to AFCIs, or that Siemens Corp. was or is involved in any of the activities that relate to their claims. *See generally* Compl. As it cannot be held liable for the alleged harm to plaintiffs, Siemens Corp. should be dismissed. *Dorsky*, 766 A.2d at 56-57.

## II.     Plaintiffs Do Not Plead Viable State Law Implied Warranty Claims.

### A.     Plaintiffs Do Not Allege That Their Products Were Unmerchantable.

The implied warranty of merchantability is not a promise that goods will meet a buyer's every expectation, but merely that they are of the quality of those generally acceptable in the trade. *See Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 27-29 (D.D.C. 2007); *see also Sherman v. Sunsong Am., Inc.*, 485 F. Supp. 2d 1070, 1086–87 (D. Neb. 2007); *Delgado v. Inryco, Inc.,* 433 N.W.2d 179, 183–84 (Neb. 1988); *Felger v. I-Deal Auto Sales, Inc.*, No. 15-97-6, 1997 WL 691450, at *1 (Ohio Ct. App. Oct. 31, 1997); *Andrade v. Pangborn Corp.,* No. C 02-3771, 2004 WL 2480708, at *23 (N.D. Cal. Oct. 22, 2004). A product is merchantable if it functions appropriately for a period of time, and the alleged defect did not render the product inoperable.

---

[6]   Ex. A, Molinaro Decl., ¶ 11.

[7]   *Id.* ¶ 10.

*See Mooradian v. FCA US, LLC*, No. 1:17-cv-1132, 2017 WL 4869060, at *7 (N.D. Ohio Oct. 27, 2017) (where alleged defect was an "annoyance" that did not interfere with the plaintiff's use, the product was merchantable as a matter of law); *see also Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 292-93 (N.D. Ohio 2020); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958-59 (9th Cir. 2009). The alleged defect must be significant enough to "render the [product] 'unusable and unsalable' at the time of sale." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 852-53 (N.D. Cal. 2012); *see also Mooradian,* 2017 WL 4869060, at *7.

Here, plaintiffs do not plausibly allege that Siemens' AFCIs were not of the quality generally acceptable in the trade. Indeed, they allege that "nuisance tripping" is common to AFCIs and known throughout the industry. Compl. ¶¶ 40-41, 44. And at no point do plaintiffs allege that Siemens' AFCIs fail to detect potentially harmful electrical arcs—the very purpose of AFCIs. In other words, Siemens' AFCI's perform exactly as intended, reducing the "serious risk of an electrical fire and of injury." Compl. ¶ 1; *see also Birdsong*, 590 F.3d at 958-59 (holding product merchantable as a matter of law where there was no allegation that product was unable to serve its ordinary purpose).

### B.    California and Ohio Privity Requirements Bar the Implied Warranty Claims of Plaintiffs Electricalifornia and NSSS.

In California and Ohio, a plaintiff must be in privity with the defendant to recover economic damages for breach of the implied warranty of merchantability. *See Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141, 1147 (Ohio 2007); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008); *see also Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 621-22 (N.D. Ohio 2016). Plaintiffs Electricalifornia and NSSS do not (and cannot) allege that they purchased their AFCIs directly from Siemens because Siemens sells its products to distributors, including hardware stores, and wholesalers. *See* Compl. ¶¶ 47, 74-77, 82-84. Without privity of contract,

the implied warranty claims of plaintiffs Electricalifornia and NSSS fail as a matter of law. *Clemens*, 534 F.3d at 1024; *Traxler*, 158 F. Supp. 3d at 626.

### III.    There Are No Viable MMWA Claims.

Plaintiffs' Magnuson-Moss Warranty Act (MMWA) claims (Count V) fail because they do not plead viable state law warranty claims. *See Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 263 (D.D.C. 1990) (recognizing that state warranty law governs claims under the MMWA); *see also Clemens*, 534 F.3d at 1022-23, 1027; *Siriano v. Goodman Mfg. Co.*, No. 2:14-cv-1131, 2015 WL 12748033, at *14 (S.D. Ohio Aug. 18, 2015). Plaintiffs base their MMWA claims on the same theory as their state law implied warranty claims (*compare* Compl. ¶¶ 150-56 *with* ¶¶ 140-49), and they fail for the same reasons. *See Siriano*, 2015 WL 12748033, at *14 (dismissing MMWA claims where plaintiffs failed to plead actionable breach of warranty claims).

Even if plaintiffs asserted viable Nebraska, Ohio, and California warranty claims, as only three plaintiffs they cannot maintain a class action claim under the MMWA because the statute requires at least 100 named plaintiffs. *See* 15 U.S.C. § 2310(d)(3)(C); *see also Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1034-35 (9th Cir. 2020); *Sloan v. Gen. Motors LLC*, No. 16-CV-07244, 2019 WL 6612221, at *8 (N.D. Cal. Dec. 5, 2019); *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1168-69 (C.D. Cal. 2019); *Cadena v. Am. Honda Motor Co.*, No. CV 18-4007, 2019 WL 3059931, at *11 (C.D. Cal. May 29, 2019).

### IV.    Plaintiffs Do Not State A Claim for Negligent Omission.

#### A.    Plaintiffs Cannot State a Claim for Negligent Omission Under Nebraska, Ohio, or California Law.

Negligence claims in Nebraska, Ohio, and California must be based on "an affirmative false statement, not an omission." *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 505-506 (6th Cir. 2003); *see also Outlook Windows P'ship v. York Int'l Corp.*, 112 F. Supp. 2d 877, 896-897 (D.

Neb. 2000) ("[O]ne party [must have] supplied the other false information."); *Pacifica Loan Five, LLC v. Fifth Third Bank*, No. 1:09-cv-930, 2011 WL 13228111, at *14-17 (S.D. Ohio Apr. 14, 2011) (confirming that "Ohio does not recognize a cause of action for negligent nondisclosure"); *Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co*., No. SACV 19-00709, 2019 WL 6329645, at *4 (C.D. Cal. Sept. 24, 2019) (confirming that negligent omission is not actionable under California law). Here, plaintiffs do not allege that Siemens made any affirmatively false statements, but simply aver that Siemens failed to disclose the alleged defect. Compl. ¶ 135. Accordingly, their negligent omission claim fails under Nebraska, Ohio and California law. *See Keshish v. Allstate Ins. Co.*, No. CV 12-03818, 2012 WL 12887075, at *4 (C.D. Cal. Oct. 19, 2012) (construing a negligent concealment claim as negligent misrepresentation and then dismissing it for failure to state a claim).[8]

### B.   The Economic Loss Doctrine Bars Plaintiffs' Negligence Claims.

Even if a claim for negligent omission is cognizable, the economic loss doctrine precludes such a claim where plaintiffs seek only to recover economic loss. *Aguilar v. RP MRP Wash. Harbour, LLC*, 98 A.3d 979, 984-85 (D.C. 2014); *Dobrovolny v. Ford Motor Co.*, 793 N.W.2d 445, 449 (Neb. 2011); *Trustcorp Mortg. Co. v. Zajac*, No. C-060119, 2006 WL 3690299, at *2 (Ohio Ct. App. Dec. 15, 2006); *Ladore v. Sony Comput. Ent. Am., LLC*, 75 F. Supp. 3d 1065, 1074-75 (N.D. Cal. 2014). "The term 'economic loss' refers to damages that are solely monetary, as opposed to damages involving physical harm to person or property." *Park-Kim v. Daikin Indus., Ltd*, No. 2:15-CV-09523, 2016 WL 6744764, at *5 (C.D. Cal. Nov. 14, 2016). This is precisely

---

[8]   *See also Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd*., 476 F. Supp. 2d 809, 821 (S.D. Ohio 2007); *Lord Abbett Mun. Income Fund, Inc. v. Asami*, No. C–12–03694, 2014 WL 3417941, at *9 (N.D. Cal. July 11, 2014); *Houston v. Mylan, Inc*., No. 8:09CV306, 2009 WL 8563604, at *3 (D. Neb. Nov. 20, 2009).

the case here: plaintiffs do not allege any personal injury or property damage; they seek only to recover for economic loss. *See* Compl. ¶¶ 80-81, 89-90, 96-97. Accordingly, plaintiffs' negligent omission claims must be dismissed. *See Aguilar*, 98 A.3d at 985 (affirming dismissal of negligence claim as precluded by economic loss doctrine under D.C. law).

### C.    Plaintiffs Do Not Allege that Siemens Had a Duty to Disclose.

To state a negligence claim, plaintiffs must adequately allege that the defendant owed them a duty to disclose the alleged defect. *Jefferson*, 905 F. Supp. 2d at 287); *see also Levine v. Blue Shield of California,* 189 Cal. App. 4th 1117, 1136 (Cal. Ct. App. 2010). A duty to disclose only arises when there is a "special or fiduciary relationship" between the parties, where there are "partial disclosures," or "dealings . . . in which [the defendant] concealed material facts to induce [the plaintiff] to purchase" goods. *Jefferson,* 905 F. Supp. 2d at 287*.* Plaintiffs claim "Siemens had a duty to disclose any defect in its AFCIs," merely because "Siemens knew of the harm created by defective breakers," but Siemens' purported knowledge does not equate to a special relationship. Compl. ¶ 133. Plaintiffs have failed to adequately plead a duty to disclose; the complaint says nothing about partial disclosures, and it is devoid of any allegations that plaintiffs' and Siemens shared a special or fiduciary relationship. *See Jefferson,* 905 F. Supp. 2d at 287; *Intelect Corp. v. Cellco P'ship GP*, 160 F. Supp. 3d 157, 187 (D.D.C. 2016).

### D.    Plaintiffs Do Not Allege That They Relied Upon Siemens' Alleged Omissions.

Plaintiffs also fail to allege that they suffered some injury *as a consequence of their reliance* on Siemens' purported conduct—an essential element of any negligence claim. *Jefferson*, 905 F. Supp. 2d at 286; *see also Westlye v. Look Sports, Inc.*, 17 Cal. App. 4th 1715, 1751-52 (Cal. Ct. App. 1993); *Rheinfrank v. Abbott Labs.*, *Inc.*, 119 F. Supp. 3d 749, 788-89 (S.D. Ohio 2015). As reliance requires that a plaintiff's decision to buy the product at issue be based on the alleged

misrepresentation or omission, such misrepresentation (or omission) must naturally precede any purchase. *Jefferson*, 905 F. Supp. 2d at 287.

In their complaint, plaintiffs merely allege that Siemens' "troubleshooting guide, the LED indicator, and Intelli-Arc Diagnostic tool" omit any mention of a defect in the AFCIs. Compl. ¶¶ 137-38. But they do not plead that plaintiffs relied on these alleged omissions, or even reviewed these sources before purchasing Siemens' AFCIs. Plaintiffs' negligence claims are doomed by the failure to allege reliance. *See McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1052, 1058-59 (C.D. Cal. 2014); *Mooradian v. Wright Med. Tech., Inc.*, No. 14cv02445, 2015 WL 12513465, at *3 (S.D. Cal. Feb. 25, 2015).

## V.     Plaintiffs Do Not State A Claim For Fraudulent Concealment.

### A.     Plaintiffs Do Not Meet the Particularity Requirements of Rule 9(b).

The conclusory allegations in the complaint do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint must contain the "who, what, when, where, and how" of any alleged misrepresentation or omission. *United States ex rel. Conteh v. IKON Office Solutions, Inc.*, 27 F. Supp. 3d 80, 88 (D.D.C. 2014) (citing *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008); *see also Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 380 (D.D.C. 2015) ("[W]hen a fraud claim is based on omissions . . . Rule 9(b) requires the plaintiff to plead, among other things, who omitted the facts, what facts were omitted, why the omission was misleading, and when the disclosure should have been made."); *Chafin v. Wis. Province of Soc'y of Jesus*, 917 N.W.2d 821, 825 (Neb. 2018); *Republic Bank & Tr. Co. v. Bear Sterns & Co.*, 683 F.3d 239, 255-56 (6th Cir. 2012); *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (Cal. Ct. App. 2014).

Here, the complaint does not provide any details about the who, what, when, where, or how of an alleged misrepresentation, omission, or other deceptive act by Siemens. Plaintiffs do not say whether, where, and how they encountered any specific Siemens communication, or how they were misled. *See Mouzon*, 85 F. Supp. 3d at 380-81 (dismissing fraud claim where plaintiff did not allege specific facts regarding their exposure to the allegedly fraudulent advertising or the impact this exposure had on their purchasing decisions).[9] Allegations of general misrepresentations in advertisements, marketing materials, and sales messages are insufficient to state a claim for fraud. *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1257-58 (D.C. Cir. 2004). And "obscure" claims alleging general and imprecise wrongdoing fail to satisfy Rule 9(b)'s particularity requirement. *Id.*

Plaintiffs also allege no facts to establish reliance on any alleged Siemens' omission or to support a causal connection between an alleged omission and any claimed injury. Instead plaintiffs make the vague and conclusory allegation that they purchased Siemens AFCIs "because Siemens represented the AFCI breaker could perform functions that the breaker did not perform." Compl. ¶ 128. This bare allegation falls well short of Rule 9(b)'s requirements. *Mouzon*, 85 F. Supp. 3d at 380.

---

[9] *See also Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 797-98 (N.D. Cal. 2019) (dismissing fraud claim where plaintiff did not precisely identify the alleged defect but merely the purported consequences of that defect); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 846-47 (C.D. Cal. 2020) (holding fraud claim failed as a matter of law where complaint "merely describes performance problems" without "identifying the defect that [defendant] failed allegedly to disclose"); *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d at 294-95 (dismissing fraud claim where plaintiff failed to allege "precisely 'what' [defendant] knew of the alleged" defect); *Smith v. Gen. Motors LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (holding plaintiff did not state claim for fraud and the allegations were "mere speculation and recitation of legal claims").

**B.** **Plaintiffs Do Not Allege Siemens Knew of a Defect at the Time of Sale.**

To state a fraudulent concealment claim, plaintiffs must also sufficiently allege that Siemens was aware of an alleged defect at the time plaintiffs purchased their AFCIs. *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 920 (8th Cir. 2008); *Szep*, 491 F. Supp. 3d at 294-95; *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-47 (9th Cir. 2012). Plaintiffs allege generally that Siemens was "on notice" of a supposed defect from public complaints about nuisance tripping, Compl. ¶ 121, but they do not identify any concealed facts; who at Siemens was purportedly aware of these concealed facts and when they learned of them; or the source of that knowledge—failures which mean plaintiffs have not stated a fraud claim. *See Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 460 (D.D.C. 1997); *Smith*, 988 F.3d at 884; *Zetz v. Boston Sci. Corp.*, 398 F. Supp. 3d 700, 713-14 (E.D. Cal. 2019); *Andren v. Alere, Inc.*, 207 F. Supp. 3d 1133, 1143 (S.D. Cal. 2016).

Plaintiffs' conclusory allegations of Siemens' "knowledge" of defects are just as flawed and unsuccessful. First, plaintiffs' allegation is that Siemens "knew or should have known" that its AFCIs were defective because of eight complaints by electricians and consumers regarding nuisance tripping. *See* Compl. ¶¶ 63-71. However, courts routinely reject allegations of consumer complaints as insufficient to show a defendant's pre-sale knowledge. *See Szep,* 491 F. Supp. 3d at 294 (102 complaints on third-party websites did not demonstrate pre-sale knowledge of purported defect); *Wilson*, 668 F.3d at 1147 ("[C]ustomer complaints in and of themselves [do not] adequately support an inference that a manufacturer was aware of a defect[.]"). Even large numbers of complaints posted on a manufacturer's own website are insufficient to establish "knowledge" of a defect because they "merely establish the fact that some consumers [are] complaining." *Berenblat v. Apple, Inc.*, Nos. 08-4969, 09-1649, 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) (hundreds of customer complaints posted on defendant's website "at most" established knowledge of complaints, not a defect).

14

Second, plaintiffs allege that because National Electric Manufacturers Association (NEMA) "identified nuisance tripping as a ***potential*** problem in AFCI breakers" more generally, this somehow put Siemens on notice of an alleged defect in ***its*** AFCIs. Compl. ¶ 121 (emphasis added). "[V]ague, sweeping statements about industry research and general knowledge are insufficient to allege that [defendant] knew about any specific [defect]." *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 565-66 (N.D. Cal. 2019) (quotations omitted) (rejecting plaintiffs' allegation that defendant had knowledge of the defect even if the issue was "well-known" in the industry); *see also Sosenko v. LG Electronics U.S.A., Inc.*, No. 8:19-cv-00610, 2019 WL 6118355, at *5 (C.D. Cal. Aug. 29, 2019) (explaining that undated "news reports" of product's failure did not "support an inference of Defendant's knowledge" of the alleged defect). Such vague allegations are particularly insufficient here where the industry standard recognizes the need for unwanted or nuisance tripping in the proper operation of AFCIs in detecting potentially dangerous arc faults.

### C.    Plaintiffs Do Not Allege That Siemens Had a Duty to Disclose.

Plaintiffs also do not allege that Siemens failed to provide information that it had a duty to disclose, a necessary element of their fraudulent omission claims. *See Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1130-31 (D.C. 2015); *see also Kearns*, 567 F.3d at 1126; *Bellinger v. Hewlett Packard Co.*, No. 20744, 2002 WL 533403, at *5 (Ohio Ct. App. Apr. 10, 2002); *Nielsen v. Nielsen*, No. A-04-894, 2005 WL 1719731, at *3 (Neb. Ct. App. July 26, 2005).

Plaintiffs allege generically that Siemens owed them a duty to disclose because Siemens "knew or should have known" that its AFCIs were defective and it "knew of the harm created by defective breakers that suffered repeated nuisance tripping." Compl. ¶¶ 62, 122. Plaintiffs' conclusory allegations are insufficient to establish Siemens' knowledge of a defect or a duty to disclose under District of Columbia, Nebraska, Ohio, or California law. *See McCarter v. Bank of New York,* 873 F. Supp. 2d 246, 250 (D.D.C. 2012) ("[T]he Court 'need not accept inferences

drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations.'") (quoting *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012); *see also Nielsen v. Thermo Mfg. Sys., LLC*, No. 8:17CV471, 2018 WL 1383182, at *6-7 (D. Neb. Mar. 19, 2018); *Perkins v. Land Rover of Akron*, No. 03 MA 33, 2003 WL 22939452, at *5 (Ohio Ct. App. Dec. 5, 2003); *Taragan v. Nissan N. Am., Inc.*, No. C 09-3660, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013).

That Ohio plaintiff NSSS does not allege it purchased AFCIs directly from Siemens further precludes any finding of a duty to disclose under Ohio law. Courts in Ohio refuse to impose a duty to disclose on remote manufacturers for buyers who purchased their products through independent retailers. *See Bellinger v. Hewlett-Packard Co.*, No. 20744, 2002 WL 533403, at *5 (Ohio Ct. App. Apr. 10, 2002) (finding no "special or fiduciary relationship" giving rise to a duty to disclose between consumer and remote manufacturer); *see also Curl*, 971 N.E.2d at 273.

### D.   The Economic Loss Doctrine in California Precludes Electricalifornia's Fraudulent Concealment Claim.

Under California law, when a product is not working properly, a purchaser's remedy is in contract alone because he has only suffered an "economic loss." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). "Economic loss" in California includes damages for inadequate value, costs of repair, and replacement of the defective product when there is no accompanying claim of personal injury or damage to other property. *See Traba v. Ford Motor Co.*, No. 2:18-cv-00808, 2018 WL 6038302, at *4 (C.D. Cal. June 27, 2018). Plaintiff Electricalifornia does not allege any personal injury or property damage; it seeks only to recover for economic loss. *See* Compl. ¶¶ 89-90. Accordingly, the economic loss doctrine prohibits its fraudulent concealment claim. *See Robinson*, 34 Cal. 4th at 988.

VI.     **Plaintiffs Do Not State Claims For Violation Of State Consumer Protection Statutes.**

      A.      **Plaintiffs Do Not Adequately Plead Consumer Protection Claims.**

Plaintiffs assert that the AFCIs were defective, Siemens should have known they were defective, and thus, Siemens committed a fraudulent or deceptive act. *See, e.g.*, Compl. ¶ 168. Plaintiffs' conclusory allegations are inadequate and should be dismissed.

To sustain a claim under the District of Columbia Consumer Protection Procedures Act (DC CPPA), a plaintiff must show (1) the existence of a material fact, (2) that the defendant failed to state, (3) that such omission had a tendency to mislead, (4) plaintiff relied on the misrepresentation, and (5) plaintiff suffered damages as a result. *See Simon v. Hofgard*, 172 F. Supp. 3d 308, 316 (D.D.C. 2016).

To successfully assert a claim under the Nebraska Consumer Protection Act (NCPA), a plaintiff must adequately allege: (1) the defendant engaged in "unfair or deceptive practices," (2) in the sale of goods directly or indirectly affecting Nebraska citizens, and (3) such practices affected "the public interest." *Eicher v. Mid Am. Fin. Inv. Corp.*, 748 N.W.2d. 1, 12 (Neb. 2008); *Nelson v. Lusterstone Surfacing Co.*, 605 N.W. 2d 136, 141-42 (Neb. 2000). Likewise, California's Consumer Legal Remedies Act (CLRA) requires a plaintiff to show (1) the defendant engaged in an unfair or deceptive act or practice or unfair method of competition; (2) the defendant committed this act or practice in a consumer transaction involving the sale of goods or services; (3) the plaintiff provided notice to the defendant; and (4) the plaintiff suffered damages as a result of the defendant's conduct. *See* Cal. Civ. Code §§ 1770 and 1782 (West 2021); *In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1178 (S.D. Cal. 2010). And finally, to succeed on a claim under California's Unfair Competition Law (UCL), a plaintiff must plead that (1) the defendant committed an unlawful, unfair, or fraudulent act or practice, and (2) the plaintiff suffered actual

injury as a result of those actions. Cal. Bus. & Prof. Code. § 17200 (West 2021); *Marolda v. Symantec Corp.,* 672 F. Supp. 2d 992, 1003-04 (N.D. Cal. 2009). For each of these consumer protection claims, plaintiffs must plead the elements with particularity. *See Jefferson*, 905 F. Supp. 2d at 288 (DC CPPA); *In re ConAgra*, 908 F. Supp. 2d at 1099 (NCPA); *Kearns*, 567 F.3d at 1125 (UCL and CLRA).

Here, plaintiffs do not include any specific facts about Siemens' allegedly deceptive or fraudulent acts. The complaint contains only conclusory allegations; plaintiffs do not explain whether, where, and how they encountered any Siemens-specific communication, or how that communication was allegedly misleading. *See Jefferson*, 905 F. Supp. 2d at 288-89 (dismissing DC CPPA claim for failure to plead facts that would support even an "inference" of a violation of the law); *Grayson v. AT&T Corp.*, 15 A.3d 219, 251 (D.C. 2011) (DC CPPA claim failed where plaintiff did not identify a material fact that defendants either stated or failed to disclose, and therefore made no showing of any tendency to mislead consumers); *In re ConAgra*, 908 F. Supp. 2d at 1099 (upholding NCPA claims only when the complaint included sufficient detail of the defendant's acts, the plaintiffs' conduct, and the meaning plaintiffs ascribed to the defendant's acts); *Kearns*, 567 F.3d at 1126 (dismissing UCL and CLRA claims for failure to allege "the particular circumstances surrounding [the] representations").

### B. Certain Consumer Protection Act Claims Fail on State-Specific Grounds.

#### 1. *NSSS and Electricalifornia Lack Standing to Bring a Claim Under the D.C. Consumer Protection Procedures Act.*

Plaintiffs NSSS and Electricalifornia lack standing to bring a DC CPPA claim because they did not engage in consumer transactions within the meaning of the DC CPPA. *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1044-45 (D.C. Cir. 2010); *Cannon v. Wells Fargo Bank N.A.*, 926 F. Supp. 2d 152, 173 (D. D.C. 2013) ("[I]f an individual purchases what might otherwise be

considered a consumer good but does so for business reasons, that transaction is not subject to the CPPA."). Plaintiffs NSSS and Electricalifornia allege that "[a]s part of [their] services," they purchase and install Siemens' AFCIs. *See* Compl. ¶¶ 75, 84. As plaintiffs NSSS and Electricalifornia purchased Siemens' AFCIs in connection with their business, these transactions fall outside the scope of the DC CPPA. *Shaw*, 605 F.3d at 1044 ("[DC] CPPA does not protect businesses engaged in commercial activity"). Thus, plaintiffs NSSS and Electricalifornia may not properly maintain a claim under the DC CPPA. *Cannon*, 926 F. Supp. 2d at 173 (dismissing plaintiffs' DC CPPA claims for failing to allege facts sufficient to show that claims arose from a consumer transaction).

2. *Keyser Does Not Allege a Wrong That Affects the Public Interest As Required For His Nebraska Consumer Protection Act Claim.*

Plaintiff Keyser fails to allege that Siemens engaged in unfair or deceptive practices that affect the public interest—a necessary element for his claim under the NCPA. *In re Saturn L-Series Timing Chain Prods. Liab. Litig.*, MDL No. 1920, 2008 WL 4866604, at *23 (D. Neb. Nov. 7, 2008) ("[F]or a claim to be actionable under [the NCPA], the unfair or deceptive act or practice must have an impact upon the public interest.") (internal quotations omitted); *see also Wines Vines & Corks, LLC v. First Nat'l of Neb., Inc.*, No. 8:14CV82, 2014 WL 12665802, at *4 (D. Neb. Aug. 20, 2014). The NCPA is "not available to redress a private wrong where the public interest is unaffected." *Id.*

Plaintiff Keyser alleges that he purchased Siemens AFCIs, personally installed them when "building his new home," and then "lost the value he paid" when he had to replace them. Compl. ¶¶ 92, 97. At best, plaintiff Keyser alleges a private injury; at no point does the complaint allege that the public at large in Nebraska was affected. Having alleged no facts to indicate a widespread effect on Nebraska consumers, plaintiff Keyser's NCPA claims should be dismissed. *See Triple 7,*

19

*Inc. v. Intervet, Inc.*, 338 F. Supp. 2d 1082, 1087 (D. Neb. 2004); *see also Ordosgoitti v. Werner Enters. Inc.*, No. 8:20-CV-421, 2021 WL 826504, at *7 (D. Neb. Mar. 4, 2021).

### 3. *Electricalifornia's Relief Under California's Unfair Competition Law is Barred by Adequate Legal Remedies.*

California's UCL (Count VIII) provides only equitable relief and is unavailable where there are adequate legal remedies. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). With adequate legal remedies available through state law warranty, negligence, fraud, and consumer protection claims, plaintiffs cannot request equitable relief in the alternative through a UCL claim. *See id.*; *see also Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017).

### 4. *Electricalifornia Lacks Standing to Bring a Claim Under California's Consumer Legal Remedies Act.*

California's CLRA (Count IX) applies to a limited set of transactions undertaken by consumers—"an individual who seeks or acquires by purchase or lease, any goods or services *for personal, family, or household purposes*." Cal. Civ. Code § 1761(d) (West 2021) (emphasis added). As an electrical company, plaintiff Electricalifornia is not a "consumer" under the CLRA. *See Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 912 (N.D. Cal. 2020) (an LLC or other company is not a "consumer" under the CLRA, which contemplates a consumer as an individual who acquired a product for personal, family or household purposes). Plaintiff Electricalifornia's CLRA claim should be dismissed. *Id.*

### VII. **Plaintiffs Do Not Plead Viable Unjust Enrichment Claims.**

Plaintiffs' unjust enrichment claims (Count VI) should not survive because plaintiffs have adequate legal remedies in the form of their other claims. *See Pernice v. Bovim*, No. 15-541, 2015 WL 5063378, at *6 (D.D.C. Aug. 26, 2015); *see also Sw. Trinity Constructors, Inc. v. St. Paul*

*Fire & Marine Ins. Co.*, 497 N.W.2d 366, 368 (Neb. 1993); *Carbone v. Nueva Constr. Grp., L.L.C.*, 83 N.E.3d 375, 381 (Ohio Ct. App. 2017); *RFC Capital Corp. v. EarthLink, Inc.*, No. 03AP-735, 2004 WL 2980402, at *19 (Ohio Ct. App. Dec. 23, 2004); *Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238-39 (Cal. App. Ct. 2018). The same alleged conduct underlies plaintiffs' unjust enrichment claims and their causes of action for breach of warranty, negligent omission, fraudulent concealment, and consumer protection. *Compare* Compl. ¶¶ 157-61 *with* ¶¶ 107-56, 162-92. Plaintiffs' unjust enrichment claims are barred as a matter of law. *See Del., Dept. of Health and Soc. Servs., Div. of Medicaid & Medical Asst. v. U.S. Dep't of Health and Human Servs.*, 272 F. Supp. 3d 103, 114 (D.D.C. 2017).

The unjust enrichment claim of Ohio plaintiff NSSS fails for the additional reason that it did not engage in a transaction with Siemens. Under Ohio law, a plaintiff claiming unjust enrichment must allege that he or she conferred a direct benefit on (*i.e.* contracted with) a defendant. *See Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005). Such a showing is not possible where, as here, the case involves consumer plaintiffs and a remote manufacturer. *Id.* Accordingly, plaintiff NSSS' unjust enrichment claim should be dismissed. *Miller v. Kent Nutrition Grp., Inc.*, No. 1:15 CV 2116, 2016 WL 11246420, at *8-9 (N.D. Ohio Sept. 16, 2016) (dismissing unjust enrichment claim because only direct purchasers—those who conferred a benefit on a defendant by paying money directly to the defendant—may bring such claims).

## VIII.   The Court Should Strike Plaintiffs' Nationwide Class Allegations.

### A.   Plaintiffs Lack Standing For a Nationwide Class Because There are No Named Plaintiffs From Forty-Seven States or the District of Columbia.

Plaintiffs' nationwide class allegations should be stricken because there are no named plaintiffs from forty-seven states or the District of Columbia, and the current plaintiffs cannot represent putative class members from other states. *See In re G-Fees Antitrust Litig.*, 584 F. Supp.

2d 26, 36 (D.D.C. 2008) (named plaintiff did not have standing to assert claims under the laws of state where they were not personally injured); *Siriano*, 2015 WL 12748033, at *2 ("'[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury.'") (quoting *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011)); *see also Szep*, 491 F. Supp. 3d at 291; *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *Carpenter v. PetSmart, Inc.,* 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020).

> **B.    Plaintiffs' Nationwide MMWA, Warranty, Negligence, Fraud, and Unjust Enrichment Claims Would Be Governed by the Disparate Laws of Fifty States and the District of Columbia.**

Courts routinely resolve class certification questions on a motion to strike at the pleadings stage, where, as here, the asserted class is facially improper and no amount of discovery would change the central defect. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011) (striking nationwide class because "the consumer-protection laws of the State where each injury took place would govern these claims").[10] And courts generally strike nationwide MMWA,

---

[10] *See also John v. Nat'l Sec. Fire & Cas. Co.,* 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *Baum v. Great W. Cities, Inc., of N.M.*, 703 F.2d 1197, 1210 (10th Cir. 1983) (affirming lower court decision to strike class allegations at pleading stage); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, No. 12-cv-897, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012) (striking class allegations where "the [im]propriety of a class action procedure is plain from the initial pleadings"); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co*., 755 F. Supp. 2d 1205, 1208 (M.D. Fla. 2010) (striking class action counts on motion to dismiss).

(Continued...)

warranty, fraud, negligence, and unjust enrichment claims for this reason. *See, e.g.*, *Rasnic v. FCA US LLC*, No. 17-2064, 2017 WL 6406880, at *10 (D. Kan. Dec. 15, 2017).[11]

Plaintiffs' "nationwide" MMWA, implied warranty, negligent omission, fraudulent concealment, and unjust enrichment claims are also facially untenable, because they would be governed by the different laws of fifty states and the District of Columbia, and the variation in state law would defeat the commonality, predominance, and superiority requirements of Rule 23.

Here, the MMWA claim requires viable underlying state-law warranty claims in all fifty states and the District of Columbia (*see Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 17, 2015)), and the variations in state warranty laws include: (1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested defects, and (5) whether merchantability may be presumed. *See Walsh*, 130 F.R.D. at 274-77 (denying certification of nationwide MMWA claim because of the variations among the states' implied warranty laws); *see also Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007) (denying nationwide class certification); *Rasnic*, 2017 WL 6406880, at *10 (striking class allegations because "[i]f a nationwide class seeks relief under the MMWA . . . the Court would potentially have to apply different state laws to each respective plaintiff's claim. Differences in state laws governing each claim would create manageability concerns prohibiting class certification.").

---

[11] *Miles v. Am. Honda Motor Co.*, No. 17 C 4423, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017); *Oom v. Michaels Cos.*, No. 1:16-cv-257, 2017 WL 3048540, at *7 (W.D. Mich. July 19, 2017); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).

The same is true of plaintiffs' negligent omission and fraudulent concealment claims. State laws governing negligence and fraud differ widely on applicable statutes of limitation and tolling doctrines, facts necessary to establish a duty to disclose, and standards for duty of care, foreseeability, and causation. *See Sanders*, 672 F. Supp. 2d at 991 ("Courts routinely hold that both fraud and warranty claims are difficult to maintain on a nationwide basis and rarely are certified"); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("[S]tate laws about theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products-liability suits may not proceed as nationwide classes."); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995) (decertifying class because negligence laws would vary among states).

Likewise, there are differences nationwide in the definition of unjust enrichment and its availability as a remedy, including whether "states preclude such claims when an adequate legal remedy is available," how unjustness is defined, or whether the plaintiff must confer a benefit directly on the defendant. *Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 626 (D. Kan. 2008); *see also In re McCormick & Co. Pepper Prods. Marketing and Sales Practices Litig.*, 422 F. Supp. 3d 194, 231 (D.D.C. 2019) (denying certification of multi-state unjust enrichment classes because such classes did "not account for the material differences in how the element of unjustness is defined and whether there is a 'no adequate remedy at law' requirement and, if so, how that requirement might apply to the current case").

**CONCLUSION**

For the foregoing reasons, Siemens respectfully requests dismissal of all claims.


Respectfully submitted,


/s/ *Toni Michelle Jackson*
Toni Michelle Jackson (D.C. Bar No. 453765)
tjackson@crowell.com
Cheryl Falvey (D.C. Bar No. 414277)
cfalvey@crowell.com
Chalana Damron (D.C. Bar No. 1027746)
cdamron@crowell.com
Rachel Raphael (D.C. Bar No. 1022496)
rraphael@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116


*Attorneys for Defendants Siemens Corp. d/b/a Siemens*
*USA, and Siemens Industry, Inc.*